

**THE LYONS LAW FIRM**

Edmund Daniel Lyons
David J. Lyons

Attorneys at Law

December 6, 2006

The Hon. Joseph J. Farnan, Jr.
U.S. District Court
844 N. King Street
Wilmington, DE  19801

    Re:  U.S. v. Charles Moore
        Case No.:  1:06-cr-00025-JJF

Dear Judge Farnan:

    Given the unique facts in this case, we think that the Court's consideration of "available alternative sentences" is warranted. Those unique facts are as follow.

    1.  Except for a misdemeanor conviction at the age of 18, Mr. Moore has no prior criminal record.

    2.  All returns for the period of time covered in the allegations of the Indictment have been filed. Moreover, Mr. Moore has made a substantial payment ($100,000) as against his back tax liability. In addition, a return was filed for 2005 and all taxes due and owing paid.

    3.  As requested by the Government, Mr. Moore has filed 1099's with his returns. Reviewing the spreadsheet attached to the letter filed by the Government which forms the basis of our Stipulation of Facts for this sentencing hearing, 1099's 1-10 identify the taxpayer recipient with a social security number and reflect for the period 2000 - 2004 $390,000 in taxes due and owing on miscellaneous income. It is unlikely that these taxes have heretofore been paid. In addition, 1099's 17, 18, 19, 20, 22 and 23 reflect taxpayers who are identified by telephone number which should be sufficient to identify the taxpayer (although we do not have any social security numbers for them).

1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE 19899
Phone: 302 777.5698
Fax: 302 777.5051
www.lyonslaw.com

These 1099's distributed to these taxpayers reflect an additional $112,000 in apparently unpaid taxes on miscellaneous income for the years indicated.

In short, Mr. Moore has identified 16 taxpayers with potential tax liability of $500,000 for the Government to pursue.

4. Regarding Mr. Moore's cooperation with the Government's investigation, we do not dispute that the Government would have been able to reconstruct Moore's income without his assistance. However, as covered by the Stipulation, Mr. Moore saved the Government 6-8 months in investigative time by timely responding to the Government's inquiries and indicating willingness to plead guilty. In addition, even though the Government, in the end, would have been able to reconstruct income, the Government agrees that at the time Mr. Moore produced all of his business records "Moore was convinced he was disclosing to the case agent income approximating $1 million of which the agent was unaware of."

We suggest that under 18 U.S.C. § 3553(a) all of the foregoing facts warrant a sentence other than a guideline sentence because "the particular sentence imposed shall consider the nature and circumstances of the offense and the history and characteristics of the Defendant."

Very truly yours,

Edmund Daniel Lyons

EDL/dlh